Georgina OCHOA, Appellant,

v.

Lucinda CRAIG, David Craig, Lynn
Hullinger, Russell Korth, and Am-
eriquest Mortgage Co., Appellees.

No. 05–07–00665–CV.

Court of Appeals of Texas,
Dallas.

June 13, 2008.

Rehearing Overruled Sept. 17, 2008.

Paul R. Leake, Paul R. Leake., Mesquite, for Appellant.

Alan S. Trust, Trust Law Firm, P.C., Bruce Turner, Bennett, Weston & LaJone, P.C., Dallas, Max Bishop, Richardson, for Appellee.

Before Justices WRIGHT, O'NEILL, and FRANCIS.

## OPINION

Opinion By Justice WRIGHT.

Georgina Ochoa appeals from a take nothing judgment following a bench trial. In two issues, she contends the trial court erred in refusing to award contract damages when it found that Lynn Hullinger and Russell Korth breached a contract to sell real property and the trial court erred in not awarding attorney's fees. We overrule Ochoa's issues and affirm the trial court's judgment.

## Background

Lucinda and David Craig, siblings, owned a house in Irving, Texas that was acquired by them in 1985. According to the Craigs, Korth and Hullinger managed the property for them. Korth and Hullinger, however, maintain that they purchased the property from the Craigs. On June 14, 1995, David Craig executed a special power of attorney that authorized Hullinger to manage and take any action that a landlord might make with respect to Craig's interest in the property.

Since 1992, Ochoa leased the property. In the summer of 1995, Ochoa entered into a lease with option to purchase the house with Hullinger and Korth. The purchase price was $48,600. Ochoa exercised her option to purchase by paying an $8,000 nonrefundable option fee in September, 1995. Korth and Hullinger financed the purchase price. Ochoa made her payments pursuant to the agreement. Korth and Hullinger did not convey title to the property to Ochoa.

On May 25, 2004, Ochoa received a letter from Lucinda Craig informing her that she owned the property. In November, 2004, the Craigs applied for a mortgage against the property. On January 27, 2005, Ochoa filed a lawsuit against the Craigs, Korth, and Hullinger seeking a declaratory judgment that she was the rightful owner of the property. Ochoa also alleged a breach of contract action against Korth and Hullinger. The following day, Ochoa filed a notice of lis pendens. Subsequently, the Craigs took out a $100,000 loan against the property with Ameriquest Mortgage Company. Ochoa amended her petition to name Ameriquest as a defendant. Ameriquest filed a declaratory judgment counterclaim against Ochoa. The Craigs defaulted on the mortgage. Ameriquest foreclosed on the property.

Following a bench trial, the trial court entered judgment awarding declaratory judgment relief to Ameriquest and ordering that Ochoa take nothing. The trial court did not award any attorney's fees. The trial court filed findings of fact and conclusions of law. The trial court found that Korth and Hullinger had never had any ownership interest in the property. Although the trial court found that Korth and Hullinger breached their agreement with Ochoa, it found that Ochoa failed to present evidence of damages. This appeal timely followed.

## Standard of Review

Findings of fact in a case tried to the court have the same force and effect as jury findings. *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158 (Tex.App.-Dallas 1992, writ denied). We review a trial court's fact findings by the same standards we use to review the sufficiency of the evidence to support a jury's findings. *Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex. App.-Houston [14th Dist.] 1990, no writ).

When we review the findings for legal sufficiency, we consider only the evidence and inferences tending to support

the finding and disregard all the evidence and inferences to the contrary. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). We uphold the finding if it is supported by more than a scintilla of evidence. *Id.* When reviewing findings of fact for factual sufficiency, we consider and weigh all of the evidence and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

### Damages

In her first issue, Ochoa contends the trial court erred in failing to award damages after finding that Korth and Hullinger breached the agreement by failing to convey a warranty deed to Ochoa within sixty days of exercising the option to purchase. The trial court found that there was no evidence of the value of the property "on the date set for transfer or whether, at the time agreed to for transfer, the market value was greater than the price set by the agreement."

She contends that she did present evidence of damages. At trial, Ochoa presented evidence of the property's fair market value in February, 2005 and February, 2007. Ochoa argues that the breach occurred in January 2005. She comes to this new breach date by arguing first that she never exercised the option to purchase and second that the "Lease Agreement with Option to Purchase" was actually a contract for deed. As a contract for deed, she argues, the breach did not occur until she learned of the defect in title in January, 2005.

The lease with option to purchase required Ochoa to exercise the option in writing. Ochoa, Korth, and Hullinger acknowledge that she did not exercise the option in writing in accordance with the

contract. However, in her third amended petition, she alleged that she exercised the option to purchase "by making a down payment of $8,000.00." Moreover, she testified at trial that she exercised the option to purchase the property by paying the $8,000 option fee. Both Hullinger and Korth agreed that she exercised the option by paying the option fee. The trial court found that Ochoa, Hullinger, and Korth acknowledged that the option had been exercised by Ochoa's payment of the fee.

■■ Under the doctrine of judicial estoppel, a judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. *Peck v. Peck,* 172 S.W.3d 26, 31 (Tex.App.-Dallas 2005, pet. denied); *see also Webb v. City of Dallas,* 211 S.W.3d 808, 820 (Tex.App.-Dallas 2006, pet. denied) (city's statements to the administrative law judge that incident violating the code of conduct was officer's conviction for family violence assault judicially estopped the city from asserting a contrary position). Ochoa alleged in her pleadings and testified at trial that she did exercise the option to purchase. All signatories to the lease with option to purchase, including Ochoa, agreed that Ochoa exercised the option by paying the option fee. Under these circumstances, we conclude that Ochoa is judicially estopped from arguing for the first time on appeal that she never exercised the option.

■ We turn now to Ochoa's " 'contract for deed' theory." It is an established rule of Texas procedure that, absent fundamental error, an appellate court has no discretion to reverse an otherwise error-free judgment based on a new argument raised for the first time on appeal. *See* TEX. R.APP. P. 33.1(a); *Larsen v. FDIC/Manager Fund,* 835 S.W.2d 66, 74 (Tex.1992); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987) (per curiam)

(argument that the DTPA is inapplicable to securities transactions was never presented to the trial court and therefore waived).

■ Ochoa tried this case on the theory that she had a valid lease with option to purchase and that she exercised that option. She cannot now argue a new theory of recovery that she failed to present to the trial court. Because Ochoa did not present her contract for deed theory to the trial court, she has waived it.

■ Ochoa failed to present evidence of the property's fair market value at the pertinent times to establish her damages. Accordingly, we conclude the trial court did not err in finding that there was no evidence to support an award of damages for breach of contract. We overrule Ochoa's first issue.

### Attorney's Fees

In her second issue, Ochoa contends the trial court erred in failing to award attorney's fees. Ochoa argues in her brief that she is entitled to attorney's fees *if* this Court determines that she has established her claim for breach of contract damages. All the parties stipulated to their attorney's fees. The trial court, however, did not award any attorney's fees. The trial court found that none of the parties segregated their attorney's fees among the different claims and parties. In its conclusions of law, the trial court stated that Ochoa was not entitled to attorney's fees because she did not prevail.

■ Attorney's fees are not recoverable in Texas unless allowed by statute or by contract. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). Attorney's fees are recoverable in a suit on a contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 1997). To recover attorney's fees under

section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997). Although Ochoa did prevail on her breach of contract action against Korth and Hullinger, she did not recover any damages. We have upheld the trial court's determination that Ochoa did not prove her damages. Accordingly, we conclude the trial court did not err in not awarding attorney's fees for breach of contract.

■ Although it is not clear, it appears that Ochoa also argues that she is entitled to attorney's fees under the declaratory judgment act. The grant or denial of attorney's fees in a declaratory judgment action is within the discretion of the trial court, and its decision will not be reversed on appeal absent a clear showing that it abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). A trial court "may award costs and reasonable and necessary attorney's fees as are equitable and just" in a declaratory judgment proceeding. TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997).

Ochoa did not prevail on her declaratory judgment claim. We conclude the trial court did not err in failing to award her attorney's fees. *See Brazoria Cty. v. Texas Comm'n on Envtl. Quality*, 128 S.W.3d 728, 744 (Tex.App.-Austin 2004, no pet.) (holding trial court did not abuse discretion by refusing to award attorney's fees to nonprevailing party in declaratory judgment case).

We conclude the trial court did not err in failing to award attorney's fees to Ochoa. We overrule Ochoa's second issue.

We affirm the trial court's judgment.