**BROOKSHIRE KATY DRAINAGE DISTRICT, Appellant,**

v.

**The LILY GARDENS, LLC, Richard E. Flueckiger and Kenneth B. Luedecke, Appellees.**

No. 01–07–00431–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 10, 2010.

Reconsideration En Banc Denied Feb. 25, 2011.

Rehearing En Banc Overruled Feb. 25, 2011.

---

26. *Metzger,* 892 S.W.2d at 39.

David Frishman, Katy, TX, Kevin D. Jewell, William S. Helfand, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, TX, for Appellant.

Dale Jefferson, Levon G. Hovnatanian, Raul H. Suazo, Martin, Disiere, Jefferson & Wisdom, L.L.P., Houston, TX, for Appellees.

Panel consists of Justices ALCALA, HANKS, and WILSON.*

## OPINION ON REHEARING

GEORGE C. HANKS, Justice.

Appellees, Lily Gardens, LLC, and its owners, Richard E. Flueckiger and Kenneth B. Luedecke (collectively, the "Defendants"), have filed a motion for rehearing. Appellant, Brookshire Katy Drainage District (the "District"), filed a response to the motion. We grant rehearing and withdraw our opinion and judgment of December 22, 2009 and substitute this opinion and judgment in their place.

The District filed suit against the Defendants and sought declaratory and injunctive relief, alleging, among other things, that the Defendants (record owners of the tract of real property at issue) violated the District's rights pursuant to an express easement and trespassed on the District's property. Specifically, the District alleged that the Defendants were "encroaching and infringing into the [District's] easement and culverts without permission."

The Defendants filed traditional and no-evidence summary judgment motions relating to all of the District's claims. The trial court granted summary judgment disposing of all of the District's claims and awarded attorney's fees to the Defendants.[1]

In its first two issues, the District contends that the trial court erred by granting the Defendants' motion for summary

---

* The Honorable Davie L. Wilson, retired Justice, First Court of Appeals, participating by assignment.

1. Prior to the trial court dismissing the case, the Defendants nonsuited their counterclaims against the District, and accordingly, those claims are not at issue in this appeal.

judgment on the District's claims for declaratory and injunctive relief for violation of the easement and trespass. In its third issue, the District argues the trial court erred in awarding attorney's fees to the Defendants under the Declaratory Judgments Act.

We find no reversible error and affirm.

### Background

The District is a political subdivision of the State of Texas, created by the Texas Legislature, and charged with controlling drainage in an area of Waller County. Pursuant to this directive, in 1962 the District entered into two express easements with Mrs. Frank E. Smith and Johnnie Harris. Identical in language, the easements granted the District "a right of way and easement for the purpose of constructing, maintaining, operating, repairing and re-constructing a drainage canal" across two tracts of land. The easement conveyances, which were submitted by both parties as summary judgment evidence, go into greater detail regarding the respective rights of the parties, and state,

> The DISTRICT shall have all rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted, with the right of ingress and egress to and from said drainage canal right of way, provided however, that after construction of said drainage canal, said right of ingress and egress of the DISTRICT shall be limited to the said right of way and to existing roads and passageways. The DISTRICT is given the right from time to time to cut and remove all trees, undergrowth, and abate other obstruction, upon said canal right of way, that may injure, endanger, or interfere with the construction, operation, maintenance and repair of said drainage canal.

> The DISTRICT agrees during the life of this easement to repair all damage to roads, passageways and fences resulting from the DISTRICT'S use in going to and from said easement and right of way, and to restore the same to the previously existing condition as near as possible.

> GRANTOR reserves the right to use the facilities offered by the drainage canal for the disposal of surface waters, rain, or any excess waters collecting upon his land, and in such connection GRANTOR has the right in the manner provided by law and at his own expense to construct and provide ditches, drains and laterals connecting his said land or portions thereof with the drainage canal.

Pursuant to the easement, the District constructed a ten-foot deep drainage ditch traversing both of the tracts and severing the front portions of the tracts from the larger back parcels. After the drainage ditch was completed, the District installed a concrete bridge across the ditch to connect the front and back portions of the tracts. Underneath the bridge and in the drainage ditch, the District installed two metal pipes (or "culverts") that ran along with the route of drainage.

In 2004, Richard Flueckiger and Kenneth Luedecke created Lily Gardens, LLC ("Lily Gardens"), which acquired three consecutive tracts of land, including the two tracts subject to the drainage ditch easements with the District. After acquiring the property, Lily Gardens undertook various projects to make the property suitable for visitors as an outdoor event venue, including adding a picturesque covering to the existing cement bridge spanning the drainage ditch. Lily Gardens intended to use the existing bridge to transport visitors from a reception facility on the front part of the property to a gazebo on the back portion of the property.

Lily Gardens left all existing structures in place and merely affixed the bridge covering to the existing cement bridge at ground level; the bridge covering did not extend down to the actual drainage ditch nor did it touch the pipes (or "culverts") underneath the bridge. In 2006, the District sent Lily Gardens a cease and desist letter stating that the construction of the bridge covering constituted an encroachment on the District's right-of-way and otherwise violated the easement restrictions. Specifically, the District alleged that the structure was attached to the District's "culverts," which "interfere[d] with the District's drainage plans and system, . . . violate[d] the easement restrictions, and impermissibly encroache[d] on the District's right-of-way."

After the Defendants refused to remove the bridge covering, the District filed suit. The District alleged causes of action for temporary and injunctive relief relating to (1) violation, encroachment, and infringement on the District's rights under the easement; (2) trespass; and (3) nuisance. Each claim involved the common allegation that Lily Gardens wrongfully constructed the bridge covering.

The Defendants filed traditional and no-evidence motions for summary judgment as to all of the District's causes of action. The trial court signed an order granting the "Defendants' Traditional and No–Evidence Motion for Summary Judgment," without specifying whether it was granting summary judgment on the traditional or no-evidence motions. In the order, the trial court specifically stated that "the bridge covering at issue . . . [did] not encroach on the Brookshire Katy Drainage District's easement rights" and that the Defendants were "not required to remove the bridge covering and defendants [were] expressly allowed to complete the bridge covering." [2] The court withheld ruling on the issue of attorney's fees so that it could hold a hearing.

After conducting a hearing on attorney's fees, the court signed an amended final judgment. In the judgment, the court reiterated that it granted the Defendants' motion for summary judgment, awarded attorney's fees, and disposed of all remaining claims by acknowledging that the Defendants non-suited their remaining claims without prejudice.

## Summary Judgment

In its first and second issues, the District contends the trial court erroneously granted summary judgment because the Defendants failed to establish entitlement to judgment as a matter of law and, alternatively, the District raised genuine issues of material fact precluding summary judgment. Although the trial court granted summary judgment in the Defendants' favor on *all* of the District's causes of action, the District only challenges the trial court's summary judgment as to two of its claims; specifically, the claims relating to violation of easement and trespass. Ac-

---

**2.** In its brief, the District points to this language in the order and argues that the trial court "specifically state[d] the grounds on which [the summary judgment was] based[.]" Citing *Vannerson v. Klevenhagen*, 908 S.W.2d 37, 41 (Tex.App.-Houston [1st Dist.] 1995, writ denied), the District argues that "Lily Gardens is limited to the rationale enumerated by the trial court and cannot seek affirmance on other arguments." The authority cited by the District is misplaced. The Texas Supreme Court has more recently held that the Court of Appeals is not limited to the grounds enumerated in a trial court's order and may consider any grounds presented to the trial court that are preserved for appellate review. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996). Accordingly, we need not opine on whether the statements in the order constitute the grounds on which the trial court based its ruling.

cordingly, we limit our review to whether summary judgment was proper on those claims.

## A. Standard of Review

"We review a grant of summary judgment de novo." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex.2009) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex.2007)). In both traditional and no-evidence summary judgment motions, we review the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999).

■■■ "[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence."[3] *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex.2003).

When a party seeks both a traditional and a no-evidence summary judgment on the non-movant's claim, we first review the trial court's summary judgment under the no-evidence standards of Texas Rule of Civil Procedure 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If a non-movant failed to produce evidence to defeat the summary judgment motion, then we need not analyze whether the movant's summary judgment proof satisfied the less stringent "traditional" burden. *Id.* In other words, if no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*

Here, the Defendants included both traditional and no-evidence grounds in their motion for summary judgment. The trial court did not specify whether it was granting the motion on traditional or no-evidence grounds. Accordingly, we review the no-evidence grounds first.

## 1. No–Evidence Summary Judgment

Under the no-evidence standard, the party without the burden of proof may move for a no-evidence summary judgment on the basis that there is no evidence to support an essential element of the non-moving party's claim. TEX.R. CIV. P. 166a(i). Once the motion is filed, the burden shifts to the non-moving party to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). "The court must grant the motion unless

**3.** On appeal, the District argues that the trial court erred in denying its motion for reconsideration that it filed after the trial court granted summary judgment. However, after granting summary judgment, the trial court generally has no obligation to consider further motions on issues adjudicated by the summary judgment. *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 650–51 (Tex.App.-Houston [1st Dist.] 2009, pet. filed). New arguments to defeat summary judgment presented after the trial court has granted summary judgment do not warrant reversal. *See id.; see also* TEX.R. CIV. P. 166a(c). Accordingly, we limit our review to those arguments set out in the District's summary judgment response, not those arguments presented for the first time in the District's motion for reconsideration or in its appellate briefs.

the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX.R. CIV. P. 166a(i). If the non-movant brings forward more than a scintilla of evidence that raises a genuine issue of material fact, then summary judgment is not proper. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex.App.-Houston [1st Dist.] 1999, no pet.).

Our review of a trial court's summary judgment extends to the evidence that was before the court at the time of the ruling. *Plotkin v. Joekel*, 304 S.W.3d 455, 486 (Tex.App.-Houston [1st Dist.] 2009, pet. denied); *see also* TEX.R. CIV. P. 166a(c); TEX.R.APP. P. 33.1. However, "[i]n determining whether a respondent to a no-evidence motion for summary judgment has sufficient evidence to raise a genuine issue of material fact, courts are not required to search the record without guidance." *Aleman v. Ben E. Keith Co.*, 227 S.W.3d 304, 309 (Tex.App.-Houston [1st Dist.] 2007, no pet.). A general reference to a voluminous record that does not direct the trial court and parties to the evidence relied upon is insufficient. *See Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 81 (Tex.1989).

We will affirm a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005).

### 2. District's Summary Judgment Response

In its response to the Defendants' no-evidence motion, the District specifically asserted that the construction of the bridge covering violated the terms of the easement. To support this argument, the District attached summary judgment evidence to its response, including the easement in question and pictures of the bridge covering. The District also attached the affidavit of Raymond Dollins, President of the District.

In the affidavit, Dollins states that the Defendants did not obtain a permit from the District prior to beginning construction on the bridge covering. The remainder of Dollins's affidavit is either (1) not relevant to a material fact regarding the easement or alleged trespass or (2) verbatim allegations and conclusions from the District's response without supporting "statements of fact." *See* TEX.R. CIV. P. 166a(f); TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005) (defining "affidavit" as a "statement in writing of a fact or facts").

Such conclusory statements in an affidavit are insufficient to raise an issue of fact in response to a motion for summary judgment. *See, e.g., Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). "A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Winchek v. Am. Exp. Travel Servs. Co.*, 232 S.W.3d 197, 206 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Similarly, an affidavit that is nothing more than a sworn repetition of allegations in the pleadings has no probative force, as the statements are no more than conclusions or a mere surmise or suspicion. *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex.App.-Dallas 2005, no pet.).

Further, Dollins's conclusory statements that the District's legislative authority allows it do certain things (Dollins's interpretations of the law) are not competent

summary judgment evidence. *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 512 (Tex.App.-Houston [1st Dist.] 2009, pet. denied) ("Statements that are nothing more than legal conclusions are not sufficient to support a summary judgment as a matter of law....").[4]

 In its reply brief, the District asserts (without supporting authority) that "every word in Mr. Dollins's affidavit in support of the District must be taken as true." That, however, is not the case when the affidavit is wholly lacking factual support. In the reply brief, the District argues that, in his affidavit, Dollins "clearly and unequivocally denied Lily Gardens' description of events." However, a sworn general denial of another party's factual accounts does not meet the burden under the no-evidence summary judgment grounds of *producing evidence* to create a material fact issue. *See Burrow v. Arce*, 997 S.W.2d 229, 235–36 (Tex.1999) (rejecting affidavit as "nothing more than a sworn denial of plaintiff's claims" that "could not support summary judgment"; further stating that an affiant "cannot simply say, Take my word for it; I know[.]"). In short, Dollins's affidavit contains no probative evidence favorable to the District's claims, as it is entirely his unsupported conclusions and interpretations of law.

The District's claim that the bridge covering infringes upon the scope of its easement across Defendants' land seems to be based, in part, upon an allegation that the covering either impedes the flow of water through the canal or that it might, in the future, impact the District's ability to repair or maintain the canal. However, the District failed to provide any summary judgment evidence to show this.

Thus, our analysis turns to the remaining summary judgment evidence: the express easement language and the photos of the construction in question. We must determine whether the mere act of constructing the bridge covering, even if that covering does not extend into the canal or impede the flow of water through the canal beneath it, violates the terms of the easement.

## B. Violation of Easement

On appeal, the District argues that the trial court erred in granting summary judgment on its claim for declaratory and injunctive relief relating to the Defendants' alleged violation of the easement.

### 1. Applicable Law

 "An easement does not convey title to property." *Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 658 (Tex.2007) (citing *Marcus Cable Assocs. v. Krohn*, 90 S.W.3d 697, 700 (Tex.2002)). Instead, an easement is a nonpossessory interest in another's property that authorizes its holder to use that property for a particular purpose. *Marcus Cable*, 90 S.W.3d at 700. The contracting parties' intentions as expressed in the grant determine the scope of the interest conveyed. *Id.* at 700–01. We read the terms of an easement as a whole to reach an adequate interpretation of the parties' intentions and to carry out the purpose for which the easement was created. *Id.* at 701. Unless the language is ambiguous, we rely solely on the written instrument. *Koelsch v. Indus. Gas Supply Corp.*, 132 S.W.3d 494, 498 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).

---

4. The absence of factual statements and the presence of conclusory statements are both defects of substance. *See Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no writ).

"In determining the scope of an easement, 'we may only imply those rights reasonably necessary to the fair enjoyment of the easement with as little burden as possible to the servient owner.'" *Whaley v. Cent. Church of Christ of Pearland,* 227 S.W.3d 228, 231 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (quoting *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 871 (Tex.App.-Austin 1988, writ denied)); *see also Marcus Cable,* 90 S.W.3d at 701. "If a particular purpose is not provided for in the grant, a use pursuing that purpose is not allowed." *Marcus Cable,* 90 S.W.3d at 701.

To prevail on a claim for interference with easement rights, the District must prove that the Defendants engaged in activities that interfered with the District's reasonable use and enjoyment of the easement. *See Still v. Eastman Chem. Co.,* 170 S.W.3d 851, 854 (Tex.App.-Texarkana 2005, no pet.) (citing *Harris County v. S. Pac. Transp. Co.,* 457 S.W.2d 336, 340 (Tex.Civ.App.-Houston [1st Dist.] 1970, no writ.)).

## 2. Analysis

In their summary judgment motion, the Defendants specifically alleged that there was no evidence that they engaged in activities that interfered with the District's reasonable use and enjoyment of the easement. Accordingly, the burden shifted to the District to present summary judgment evidence raising a genuine issue of material fact that they did. *See Mack Trucks, Inc.,* 206 S.W.3d at 582.

Here, the easement's stated purposes was for "constructing, maintaining, operating, repairing, and re-constructing a drainage canal, including drains, ditches, laterals and levees[.]" The District alleged

that the Defendants' construction of the covering over the existing bridge interfered with its easement rights.

The bridge covering added by the Defendants is affixed to the preexisting cement bridge above the drainage canal, as distinguishable from construction in or obstructing the canal.

It is undisputed that the cement bridge was built around the time the District built the drainage canal. The pictures attached as summary judgment evidence by the District show that the bridge covering was attached to this preexisting bridge. The District does not provide any evidence showing that the structure was actually built onto or extended into the drainage canal. The District has asserts that the covering was affixed to the "culvert." By "culvert," the District is referring to two pipes that are located in the drainage canal, underneath the cement bridge.[5] The term "culvert" is not used in the easement grant, as are "canal" and "roadway." The easement delineates, in clear terms, the District's rights with respect (a) the roadways to access the drainage canal and (b) the canal. We also address (c) the District's public interest arguments.

### a. Rights with respect to the roadway

The granting instrument provides the District with certain rights incident to the purpose or use of the easement, including the "right of ingress and egress to and from said drainage canal right of way[.]" In other words, the District has the right to use the Defendants' roadway to travel from the public street to the drainage canal location and back; the easement does not provide unlimited or exclusive use of the roadways or the Defendants' property.

---

5. *See Fort Bend County Drainage Dist. v. Sbrusch,* 818 S.W.2d 392, 395 (Tex.1991) (drawing distinction between responsibilities with regard to easement and bridge crossing over easement in tort case).

The instrument also provides, "after construction of said drainage canal, said right of ingress and egress of the DISTRICT shall be *limited* to the said right of way and to *existing roads and passageways*." (Emphasis added.) Thus, the District is prohibited from relocating the roadways. As further evidence of the District's limited right to use the roadways on the property, the easement also expressly states that, during the life of the easement, the District is required "to repair all damage to roads, passageways and fences resulting from the DISTRICT'S use[.]"

The intention of the parties was clearly expressed in the easement instrument. The District has no right, under the terms of the easement, to control or prohibit construction on the roadway. The District's only right with respect to the roadways is ingress and egress to and from the drainage canal, and the District has not produced any evidence showing that the construction of the bridge covering prevented its ingress and egress to and from the drainage canal.

### b. District's Ability to Maintain the Drainage Canal

The District argues that the construction of the covering may interfere with its ability to maintain the canal. Specifically, the District argues that it may need to remove and replace its "culverts." The District points to language in the easement providing the District "the right from time to time to cut and remove all trees, undergrowth, and abate other obstruction, upon said *canal right of way*, that may injure, endanger, or interfere with the construction, operation, maintenance and repair of said *drainage canal*." (Emphasis added). The District has not produced any evidence to show how the bridge covering would interfere with "the construction, operation, maintenance and repair" of the

drainage canal as required by the terms of the easement. In fact, the photographs, provided by the District as summary judgment evidence, conclusively establish that there is space between the preexisting cement bridge (to which the bridge covering was attached) and the piping in the drainage ditch below. In other words, the photos show that the cement bridge is not attached to the piping in the drainage ditch.

The District also suggests that the structure might interfere with the future operation of the drainage system because the District might opt to change the location of the culvert. But the District has not shown how the bridge covering might affect its ability to move the culvert located beneath the bridge that was erected by the District.

■■■ The District concedes that the bridge covering has not affected drainage, but it asserts that it may pose a drainage problem in the future. To this extent, Dollins's affidavit states:

I do not know every possible future problem that might result from the covered bridge; but for example, it might be a drainage problem, it might be a wedding that was planned and the District removed its culverts before the wedding, it might be that someone was injured on the covered bridge; the District would not want those parties to claim that somehow the District was responsible for their problems.

The statement quoted above has no evidentiary value because it is not a "statement of fact," but instead, is Dollins's speculation. *See Wiggins v. Overstreet,* 962 S.W.2d 198, 200 (Tex.App.-Houston [14th Dist.] 1998, writ denied) (observing that when summary judgment evidence raises only mere suspicion or surmise of fact in issue, no genuine issue of material fact exists).

### c. Benefit of the Public

██ The District also makes an appeal to the interest of the public, despite its failure to put forth any evidence showing that the bridge covering affects drainage, water flow, or flooding. In its summary judgment response, and without supporting allegations or facts, the District urged that "there will be injury to the area landowners and the general public at large."

On appeal, the District makes a similar public interest argument, citing authority relating to "public easements." However, unlike the authority cited, this case does not involve a public dedication or an easement authorizing use by the public. *See Marcus Cable*, 90 S.W.3d at 707 (public easements are those easements dedicated to public's use); *Grimes v. Corpus Christi Transmission*, 829 S.W.2d 335, 337 (Tex. App.-Corpus Christi 1992, writ denied) (easement granting State right-of-way for "highway purposes"). Furthermore, the Texas Supreme Court has held that the interests of the public, no matter how laudable they may be, do not warrant disregarding express easement terms to enlarge its purpose beyond those intended by the contracting parties. *Marcus Cable*, 90 S.W.3d at 706.

The District has failed to show that the Defendants' construction of the bridge covering violated the District's rights as expressly provided in the easement or those rights reasonably necessary to accomplish the purpose of the easement, namely, "constructing, maintaining, operating, repairing, and reconstructing a drainage canal[.]" The District has not provided any evidence to create a fact issue as to whether the construction of the bridge covering infringed on its rights pursuant to the easement. Accordingly, the record in this case warrants summary judgment in the Defendants' favor on the District's claims that its easement was violated. Because we conclude that the trial court could have properly granted the Defendants' no-evidence summary judgment motion, we need not reach Defendants' traditional summary judgment grounds motion.

We overrule the District's first issue.

### C. Trespass

In its second issue, the District argues that the trial court erred in granting summary judgment in favor of the Defendants on the "District's trespass claim."

██ The Defendants addressed trespass in both its traditional and no-evidence summary judgment points. Under the no-evidence grounds, the Defendants argued that, to recover on a trespass claim, the District would have to show that the Defendants made an unauthorized entry onto property owned by the District. The Defendants contended that the District had no evidence that it owned the property at issue or that the Defendants made an unauthorized entry. Also, to the extent that the District relied on its regulations to support the trespass allegation, the Defendants argued in their no-evidence points that the District had no evidence that its regulations were lawfully adopted.

In its brief, in support of its trespass claim, the District asserts that "Lily Gardens does not own the culvert in fee simple and the covering constitutes a physical trespass without the District's consent." The District points out that the summary judgment record "conclusively establishes the existence of a physical structure built by Lily Gardens upon the District's easement," and the District summarily argues, "The presence of [the bridge covering] structure constitutes a trespass as a matter of law."

██ To prevail on a trespass claim, the plaintiff has the burden to prove (1) his right of ownership of the property or a

lawful right of possession, and (2) an entry by the defendant. *Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 470 (Tex.App.-Texarkana 1998, pet denied). "*Unlike a possessory interest in land,* an easement is a *nonpossessory interest* that authorizes its holder to use the property for only particular purposes." *Marcus Cable*, 90 S.W.3d at 700 (emphasis added). "An easement does not convey title to property." *Flynn*, 228 S.W.3d at 658. In other words, an easement does not convey to the easement holder an ownership or possessory interest. *See id.* Because, as a matter of law, the District cannot establish the first element of trespass (ownership or right of possession), its claim necessarily fails.

 Lastly, the District attempts to support its trespass claim with its own rules and regulations. The District asserted that the legislature authorized it to enact rules and a permitting system and that House Bill 2959 of the 77th Texas Legislative Session expanded the District's ability to regulate and improve drainage and flood prevention within the district. *See* Tex. H.B. 2959, 77th Leg., R.S. (2001) (enrolled). The Legislature cannot, however, change a nonpossessory easement interest into a possessory interest or title ownership, as would be required to maintain a trespass action against the Defendants, without compensating a private landowner. *See, e.g., Nollan v. Ca. Coastal Com'm*, 483 U.S. 825, 107 S.Ct. 3141, 97 L.Ed.2d 677 (1987).

Accordingly, the trial court did not err by granting summary judgment in the Defendants' favor on the District's trespass claim.

We overrule the District's second issue.

### Attorney's Fees

In its third issue, the District argues that the trial court erred in awarding the Defendants attorney's fees for two reasons: (1) the Defendants were not entitled to fees because they were not entitled to judgment under the Declaratory Judgments Act; and (2) the Defendants did not timely supplement their responses to the District's request for production of documents regarding fees.

**A. Attorney's Fees Under Declaratory Judgment Act**

The District argues that, "because Lily Gardens is not entitled to judgment under the Declaratory Judgments Act, it may not recover fees under the statute." The District seems to be arguing that only a party who prevails on his own declaratory judgment cause of action may recover attorney's fees. To the contrary, it is well established that the trial court may award attorney's fees to any party under the Declaratory Judgment Act.

 Section 37.009 of the Texas Civil Practice and Remedies Code, addressing costs and fees under the Declaratory Judgment Act, provides, "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 2008). The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985). In the exercise of its discretion to award attorney's fees in declaratory judgment action, the trial court may award attorney's fees to the prevailing party, may decline to award attorney's fees to either party, or may award attorney's fees to the nonprevailing party, regardless of which party sought declaratory judgment. *Ochoa v. Craig*, 262 S.W.3d 29, 33 (Tex.

App.-Dallas 2008, pet. denied). Thus, contrary to the District's assertion, it is well established that attorney's fees under section 37.009 are not conditioned upon a party's prevailing on its own declaratory claim.

The authority cited by the District does not support its position.[6] Because the District has not clearly established an abuse of discretion, we may not disturb the trial court's award.

### B. Failure to Supplement Discovery Record

The District argues that the trial court's award of attorney's fees to the Defendants was improper because the Defendants "did not timely supplement [their] responses to the District's request for production of documents[.]" Specifically, the District alleges that the trial court should have excluded the evidence of attorney's fees under Texas Rule of Civil Procedure 193.6 because evidence was not timely produced and there was no showing of good cause or a lack of unfair surprise or prejudice. *See* TEX.R. CIV. P. 193.6.

 In its brief, the District fails to specify what testimony, documents, or other evidence the trial court improperly admitted and has thus waived this issue for improper briefing. *See* TEX.R.APP. P. 38.1(h); *Garza v. Tex. Alcoholic Beverage Comm'n*, 138 S.W.3d 609, 618 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (holding appellant waived complaint that court improperly admitted testimony and documents untimely produced or disclosed during discovery because he cited only one example of improperly admitted evidence and otherwise failed to specify which evidence was improperly admitted).

 The District does not allege that the Defendants failed to properly designate their counsel as an expert witness on attorney's fees. Rather, the District acknowledges that the Defendants requested attorney's fees and provided summary judgment evidence in support of the figures claimed at that point of time. Specifically, the Defendants provided the affidavit of their counsel created on November 6, 2006. The affidavit included the hourly billing rate sought, the summary of the work performed up to that time, an opinion regarding the reasonable and necessary cost of the services provided and the services that would be required in the event of an appeal, and the total fees as of that time. The trial court granted the Defendants' summary judgment but left open the issue of attorney's fees so that a hearing could be held. Between the time of the Defendants motion for summary judgment on November 6, 2006 and the hearing on attorney's fees on April 17, 2007, the Defendants incurred additional fees in corresponding with and addressing the issues raised by the District. Thus, the change to the requested attorney's fees

---

**6.** The District cites *Cytogenix, Inc. v. Waldroff* and *McDowell v. McDowell* for the proposition that, because the Defendants were not entitled to judgment under the Declaratory Judgment Act, it may not recover under Section 37.009. *Cytogenix* involved a traditional breach of contract claim in which the party was not awarded actual damages. *See Cytogenix*, 213 S.W.3d 479, 489–90 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). *Cytogenix* suggested the Declaratory Judgment Act as an alternative basis for attorney's fees, and the Court held that, "A party may not … couple a declaratory plea with a damages action just to recover attorney's fees." *Id.* at 490. In *McDowell*, the San Antonio Court of Appeals reversed an award of attorney's fees where declaratory judgment was not pled as a cause of action. *See McDowell*, 143 S.W.3d 124, 131 (Tex.App.-San Antonio 2004, pet. denied). Both cases are distinguishable from the present case because, here, declaratory relief was pled and pursued as an actual theory of relief. Thus, neither authority supports reversal of attorney's fees in the present case.

was merely due to their continuation of their work on the case to address issues raised and to prepare for the hearing on attorney's fees. We cannot conclude the trial court abused its discretion by determining that the District was not unfairly surprised. *See* TEX.R. CIV. P. 193.6(a)(2).

We overrule the District's third issue.

## Conclusion

We affirm the trial court's summary judgment.

Justice WILSON, dissenting.

DAVIE L. WILSON, Justice (Retired), dissent on rehearing.

Because I believe the District has produced more than a scintilla of evidence that raises a genuine issue of material fact, I respectfully dissent.

The word "may" as used in the easement language contemplates future events which by their nature are speculative. The pictures of the bridge covering are in and of themselves sufficient to raise a fact issue (i.e., showing that the bridge covering includes walls on the side of the bridge that prevent people and machinery from reaching down off of the bridge into the waterway below). In my judgment, expert testimony is not necessary to reach the conclusion that some future event "may" require access to the top of the bridge/culvert by the District to make repairs and/or improvements to the canal directly below due to circumstances that "may injure, endanger, or interfere with the ... maintenance and repair of said drainage canal" as in the language of the easement.

It is within the common knowledge of all that to work on the large pipes seen in the pictures might require the use of equipment that may need to be placed on the top of the bridge/ culvert. To insist the District come forth with exacting evidence

to make the future certain asks for more than the burden required by law.

Further, to reach its conclusions, it appears the majority must necessarily believe that the top of the bridge/ culvert is not in the easement. This result flows from a narrow interpretation of the easement language which I do not believe is supported by the law as outlined in the original opinion. Because I would stand on the original opinion of the court, return the case below for further consideration of the merits of the issues presented, I respectfully dissent.