Opinion filed October 24, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00262-CV

_____

**MR. W FIREWORKS, Appellant**

**V.**

**SOUTHWEST ROYALTIES, INC., Appellee**

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-123,890**

## M E M O R A N D U M   O P I N I O N

In this appeal after remand, Mr. W Fireworks asserts that the trial court erred by awarding attorney's fees to Southwest Royalties, Inc. (SRI). We affirm.

*Background*

We summarized the facts and procedural history of the case in our earlier opinion. *See Mr. W Fireworks v. Southwest Royalty, Inc.*, No. 11-08-00168-CV, 2010 WL 3064412 (Tex. App.—Eastland Aug. 5, 2010, no pet.) (mem. op.). We

will briefly summarize the facts here to provide context for the issue involved in the current appeal. SRI operates an oil and gas unit on property that is adjacent to land owned by Mr. W. SRI uses a road that goes across Mr. W's property to access the wells in the unit. The drill site, a fence surrounding the drill site, the access road to the drill site that goes across Mr. W's property, and a short chain-link fence running along the side of the access road have been in existence since 1974. Mr. W purchased its land in 2007. Later, a dispute arose between the parties regarding the fence beside the access road. Mr. W planned to remove part of the fence so that delivery trucks coming to its property would have more room to turn around. In response, SRI installed a gate across the entrance to the access road and locked the gate. SRI did not give Mr. W a key to the lock on the gate; therefore, Mr. W was excluded from a portion of its property.

SRI filed this suit against Mr. W and obtained a temporary restraining order to keep Mr. W from interfering with SRI's use of the fence, the gate, and the road. In its petition, SRI alleged alternative claims for relief. In part, SRI sought a declaratory judgment that it had an easement for use of the access road for the purpose of conducting oil and gas operations on the unit. SRI also sought to recover attorney's fees from Mr. W.

After a bench trial, the trial court entered a judgment in which it granted a permanent injunction against Mr. W to prevent it from interfering with SRI's use and enjoyment of the access road, the fence, the gate, and the locking mechanism on the gate. In the judgment, the trial court granted to SRI and its successors "an exclusive easement for their exclusive use, enjoyment and maintenance of the access road, its fence, gate, and its locking mechanism." By its grant of the exclusive easement, the trial court denied Mr. W access to the part of its property that contained the road. The trial court awarded attorney's fees to SRI. Mr. W appealed from the trial court's judgment to this court.

In our earlier opinion, we concluded that the trial court had not abused its discretion by enjoining Mr. W from interfering with SRI's use of the road. *Mr. W Fireworks*, 2010 WL 3064412, at *3. However, we also concluded that the evidence did not support excluding Mr. W from access to the road. *Id.* We affirmed the portion of the trial court's judgment that allowed SRI to maintain a fence surrounding the access road and a locked gate at the road's entrance and the portion of the judgment that enjoined Mr. W from interfering with SRI's use and enjoyment of the access road, and we reversed the portion of the trial court's judgment that enjoined Mr. W from interfering with the gate and locking mechanism. We remanded the case to the trial court to modify its injunction to ensure that Mr. W would have access to its entire tract, such as by providing that Mr. W would have a key or combination to the gate's lock or by allowing Mr. W to place a second lock on the gate. *Id.* at *4. Because we had reversed a portion of the trial court's judgment, we also remanded the case for further consideration of the attorney's fee award. *Id.*

On remand, the trial court held a hearing. At the hearing, the parties announced that they had agreed on the manner in which Mr. W would have access to the part of its property that contained the road. The parties presented evidence on the attorney's fee issue. Following the hearing, the trial court entered a final judgment after remand. In the judgment, and in accordance with our earlier opinion and with the parties' agreement, the trial court granted Mr. W access to its entire tract. The trial court also granted an easement to SRI. The trial court ordered that "[SRI], and its successors and assigns, are granted an easement for their use, enjoyment and maintenance of the access road, its fence and gate, and the gate locking mechanism maintained by [SRI] for so long as the unit agreement is in effect."

3

In the judgment after remand, the trial court awarded attorney's fees to SRI. The award included attorney's fees in the amount of $9,255 for services rendered through trial; attorney's fees in the amount of $15,120 for services rendered through the earlier appeal in this case; and, in the event of an unsuccessful appeal of the judgment after remand, additional attorney's fees in the amount of $7,500. The trial court awarded the same amount of attorney's fees for services rendered through trial that it had awarded in its earlier judgment. In the earlier judgment, the trial court awarded attorney's fees in the amount of $10,000 in the event of an unsuccessful appeal of the earlier judgment by Mr. W. Thus, the judgment after remand increased the amount awarded for appellate attorney's fees.

*Issue on Appeal*

In its sole issue, Mr. W challenges the trial court's award of attorney's fees to SRI for two reasons. First, Mr. W contends that the trial court erred when it awarded attorney's fees because "this matter was not pled under an act which would entitle [SRI] to fees, specifically the Uniform Declaratory Judgments Act." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–.011 (West 2008). Second, Mr. W contends that the trial court's award of attorney's fees was unreasonable.

*Trial Court's Award of Attorney's Fees*

The Uniform Declaratory Judgments Act (UDJA) allows for the recovery of attorney's fees. Under Section 37.009 of the UDJA, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* § 37.009. SRI requested declaratory relief on its easement claims in its petition. It also sought to recover "reasonable and necessary attorney's fees incurred in this proceeding as are equitable and just." SRI did not specifically refer to the UDJA in its petition. However, SRI alleged that Mr. W or its predecessor granted SRI or its predecessor an easement that covered the access road for the purpose of conducting oil and gas operations. To support its easement allegations, SRI relied

4

on the oil and gas lease and the unit agreement that governed operations on the unit. At trial, SRI introduced copies of these documents. Article 11.1 of the unit agreement, which was titled "Grant of Easements," provided that "[t]he parties hereto . . . grant to Working Interest Owners the right to use as much of the surface of the land within the Unit Area as may reasonably be necessary for Unit Operations." Section 37.004(a) of the UDJA provides as follows:

> A person interested under a deed, . . . written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument [or] contract and obtain a declaration of rights, status, or other legal relations thereunder.

SRI's request for a declaratory judgment, which was based on the terms of the oil and gas lease and the unit agreement, fell within the scope of declaratory relief authorized by Section 37.004. Although SRI did not mention the UDJA in its petition, SRI's allegations provided fair notice that it was asserting a claim governed by the UDJA. *See Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 161–62 (Tex. App.—Eastland 2010, pet. denied) (Although the plaintiff did not specifically refer to a statute in its petition, the facts alleged were sufficient to give the defendant fair and adequate notice of a claim under the statute.).

SRI requested the trial court to declare "the existence and validity of the easement and to confirm, enforce and protect [SRI's] use of the Road, including the placement of a locked gate across the Road." SRI's request for declaratory relief related directly to the validity and scope of the alleged easement for use of the access road. Claims that relate to the validity and scope of easements may be brought in declaratory judgment actions. *Manning v. Enbridge Pipelines (E. Tex.) L.P.*, 345 S.W.3d 718, 726 (Tex. App.—Beaumont 2011, pet. denied); *Roberson v.*

*City of Austin*, 157 S.W.3d 130, 136–37 (Tex. App.—Austin 2005, pet. denied); *Steel v. Wheeler*, 993 S.W.2d 376, 381 (Tex. App.—Tyler 1999, pet. denied). Thus, SRI's easement claims were the proper subject of a declaratory judgment action. Contrary to Mr. W's first contention, SRI pleaded a claim that allowed for a recovery of attorney's fees.

In the judgment after remand, the trial court increased the amount of appellate attorney's fees awarded. Mr. W does not challenge the sufficiency of the evidence to support the amounts awarded for trial and appellate fees. However, Mr. W contends that the award of attorney's fees was improper in light of our earlier opinion. Because we reversed part of the judgment that was in SRI's favor and because we remanded the attorney's fee issue for further consideration, Mr. W argues that the award of attorney's fees was unreasonable. Mr. W states in its brief that "[it] believes this award violates the spirit of this Court's remand, and that fees should be assessed against the party incurring same." Mr. W also states that "this award flies in the face of the Original Opinion and Mandate" and that, "[h]ad this Court believed that the first award of fees was reasonable, there would have been no remand."

We remanded the attorney's fee issue to the trial court because the decision to grant or to deny attorney's fees in a declaratory judgment action is a matter that is within the discretion of the trial court. An award of attorney's fees will not be reversed on appeal absent a clear showing that the trial court abused that discretion. *Oake v. Collin Cnty.*, 692 S.W.2d 454, 455 (Tex. 1985). In the exercise of its discretion in a declaratory judgment action, the trial court may award attorney's fees to the prevailing party, may decline to award attorney's fees to either party, or may award attorney's fees to the nonprevailing party, regardless of which party sought declaratory relief. *Brookshire Katy Drainage Dist. v. Lily*

*Gardens, LLC*, 333 S.W.3d 301, 313 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Because an award of attorney's fees under the UDJA is committed to the discretion of the trial court, we review the award under an abuse of discretion standard. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *Amaro v. Wilson Cnty.*, 398 S.W.3d 780, 789 (Tex. App.—San Antonio 2011, no pet.). The fees must be reasonable and necessary, as well as equitable and just. *Bocquet*, 972 S.W.2d at 21; *Amaro*, 398 S.W.3d at 789. Whether the fees are reasonable and necessary are questions of fact, whereas whether the fees are equitable and just are questions of law. *Bocquet*, 972 S.W.2d at 21; *Amaro*, 398 S.W.3d at 789. A trial court abuses its discretion when it rules arbitrarily, unreasonably, or without regard to guiding legal principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). It is also an abuse of discretion to rule without supporting evidence that is factually sufficient. *Bocquet*, 972 S.W.2d at 21; *Amaro*, 398 S.W.3d at 789. Therefore, in reviewing an award of attorney's fees under the UDJA, we must determine whether the trial court abused its discretion by awarding fees when there was insufficient evidence that the fees were reasonable and necessary or when the award was inequitable or unjust. *Bocquet*, 972 S.W.2d at 21; *Amaro*, 398 S.W.3d at 789.

SRI's counsel gave detailed testimony on the attorney's fee issue at the hearing after remand. He testified as to the reasonableness and necessity of the fees that SRI incurred. His testimony provided sufficient evidentiary support for the amounts of trial and appellate attorney's fees awarded by the trial court. Considering the issues involved in this case, and also considering the evidence, we cannot conclude that the trial court's award of attorney's fees was inequitable or unjust. The award of attorney's fees was not an abuse of discretion. Mr. W's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


October 24, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Judge Herod.[1]

Willson, J., not participating.

---

[1]Steven R. Herod, Judge, 91st District Court, Eastland, sitting by assignment.