**AFFIRM; and Opinion Filed December 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00244-CV

### CONTINENTAL FOODS, INC., Appellant
### V.
### ROSSMORE ENTERPRISES, Appellee

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. 11-05580-E

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Lang-Miers
Opinion by Justice Francis

Continental Foods, Inc. appeals the trial court's summary judgment in favor of Rossmore Enterprises. In two issues, Continental contends the trial court erred when it found Rossmore had no obligation to share with Continental proceeds of a private sale in lieu of condemnation. We affirm.

Rossmore bought land in Irving that was, at the time of the purchase, leased to Denny's Inc. Denny's, in turn, had sublet the property to its franchisee, Continental. In November 2007, the State acquired the property in a private sale in lieu of condemnation as part of a highway expansion project. On April 15, 2008, Rossmore executed a release of Denny's lease obligations, and five days later, Denny's assigned all of its rights to "any separate awards and portions of lump sum awards, including severance damages, if any, as may be allocated to its interest in any condemnation proceedings" to Continental. On April 21, the Texas Department

of Transportation filed the special warranty deed evidencing its ownership of the property. Continental was told to vacate the property as of February 6, 2009.

Continental sued the State of Texas, claiming inverse condemnation. After the trial court granted the State's plea to the jurisdiction, this Court affirmed. *See Continental Foods, Inc. v. State of Tex.*, 05–09–01249, 2011 WL 258999, at *1 (Tex. App.−Dallas Jan. 27, 2011, no pet.) (mem. op.). Continental then sued Rossmore, alleging Rossmore breached "the Master Lease by not refusing the State's offer so as to require a special commissioners' hearing and by not tendering to Plaintiff its share of the condemnation proceeds to which it is entitled under the Assignment." The trial court granted Rossmore's motion for summary judgment on the ground that Continental's claims had already been determined by this Court. We reversed, stating "collateral estoppel does not bar appellant's breach of contract claim." *See Continental Foods, Inc. v. Rossmore Enter.*, 05–11–01668, 2013 WL 1277884, at *2 (Tex. App.−Dallas Mar. 1, 2013, no pet.) (mem. op.).

On remand, Rossmore filed a supplemental motion for summary judgment on the grounds (1) nothing in the lease required the State to proceed through a special commissioner's hearing instead of the private sale in lieu of condemnation and (2) Continental was not entitled to condemnations proceeds because no condemnation proceeding occurred. The trial court granted summary judgment in favor of Rossmore on both grounds, stating the master lease imposed no obligation on Rossmore to (1) "require formal condemnation proceedings be instituted rather than enter into a sale in lieu of condemnation," and (2) "share with [Continental] the proceeds of a sale in lieu of condemnation." The trial court did not award Rossmore any attorney's fees. Both parties appealed.

In two issues, Continental claims the trial court erred by granting summary judgment. Specifically, Continental contends that because the master lease defined condemnation to include

a "private purchase in lieu thereof," a condemnation occurred and, therefore, condemnation proceedings occurred. As result, Continental claims it was entitled to any separate award and portion of lump sum awards.

We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To succeed in a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovants and resolve any doubt in their favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

The trial court found the master lease did not require formal condemnation proceedings be instituted instead of entering into a sale in lieu of condemnation, and Continental does not challenge this on appeal. Condemnation is defined in the lease as "the exercise of the power of eminent domain by any person, entity, body or agency, or private purchase in lieu of eminent domain." The date of condemnation is "the day on which the actual physical taking of possession" occurs or the "date of settlement or compromise of the claims," whichever occurs first. The lease also provides:

> In the event the entire leased premises are taken, or a substantial part hereof are taken, that said leased premises are no longer suitable for continuation of the business then being conducted thereon, in either event, this Lease shall terminate on the date of the condemnation.

> \*           \*           \*

> Lessor and Lessee shall each be entitled to receive and retain such separate awards and portions of lump sum awards including severance awards, if any, as may be allocated to their respective interest in any condemnation proceedings . . . Termination of this Lease shall not affect the rights of the respective parties to such awards.

The plain language of the lease provides that the lessee, Continental, was entitled to a separate award or portion of the lump sum awards, "if any," allocated in "any condemnation proceedings." The lease does not, however, require any condemnation proceedings be held. The summary judgment evidence shows no condemnation proceedings occurred and no separate award was allocated to Continental. Under the plain language of the lease and in light of the summary judgment evidence, Rossmore was not obligated to pay, and Continental was not entitled to receive, any amount from the sale of the property. We overrule Continental's two issues.

In its single issue on crossappeal, Rossmore contends it was entitled to attorney's fees under section 37.009 of the civil practices and remedies code.

Section 37.009 of the declaratory judgments act provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused its discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985); *Park Cities Ltd. P'ship v. Transpo Funding Corp.*, 131 S.W.3d 654, 661 (Tex. App.—Dallas 2004, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Park Cities Ltd. P'ship*, 131 S.W.3d at 661. We broadly construe the trial court's discretion to award attorney's fees and costs in a declaratory judgment action. *Id*.

Here, the trial court concluded neither party was entitled to declaratory relief, stating Continental's request was "not appropriate in this case" and Rossmore's was "an impermissible mirror image of [Continental's] claim for money damages." Because neither Continental nor Rossmore prevailed in their requests for declaratory relief, we cannot conclude the trial court

abused its discretion by refusing to award attorney's fees. *See Ochoa v. Craig*, 262 S.W.3d 29, 33 (Tex. App.—Dallas 2008, pet. denied) (concluding trial court did not abuse discretion by failing to award attorney's fees to party who did not prevail on declaratory judgment claim). We overrule Rossmore's issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

140244F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CONTINENTAL FOODS, INC., Appellant

No. 05-14-00244-CV     V.

ROSSMORE ENTERPRISES, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 11-05580-E.
Opinion delivered by Justice Francis,
Justices Lang and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ROSSMORE ENTERPRISES recover its costs of this appeal from appellant CONTINENTAL FOODS, INC.

Judgment entered this 18th day of December, 2014.