

# IN THE
## TENTH COURT OF APPEALS

### No. 10-15-00361-CV

**CRAIG CHAMPION,**

              **Appellant**

 **v.**

**FRANK RAMSEY, RAMSAY RAMSEY,
RANDAL RAMSEY, AND DBA SUMMIT
PROPERTIES AND MANAGEMENT COMPANY,**

              **Appellees**

---

**From the 85th District Court
Brazos County, Texas
Trial Court No. 11-000044-CV-85**

---

## MEMORANDUM OPINION

---

Craig Champion appeals from a judgment that awarded attorney's fees to Frank Ramsey, Ramsay Ramsey, Randal Ramsey, and d/b/a Summit Properties and Management Company after this case was remanded to the trial court for that purpose in an earlier appeal. *See Ramsey v. Champion*, No. 10-12-00394-CV, 2014 Tex. App. LEXIS

5008 (Tex. App.—Waco May 8, 2014, pet. denied) (mem. op.). Champion argues that the trial court did not have authority to award attorney's fees. Because we find no reversible error, we affirm the judgment of the trial court.

ATTORNEY'S FEES

The factual background of the case is not at issue in this appeal of attorney's fees and is set forth in our prior opinion. *See Ramsey v. Champion*, 2014 Tex. App. LEXIS 5008. The third issue in the earlier appeal was whether the trial court had erred in refusing to award attorney fees to the Ramseys. In their initial briefs to this Court, both parties referred to the Declaratory Judgment Act in their discussion regarding attorney's fees. The Court addressed the issue as follows:

*Attorney's Fees*

> In their third issue, the Ramseys argue that the trial court erred by refusing to award attorney's fees to them in this matter. This claim is in the nature of a declaratory judgment action, for which attorney's fees may be recoverable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). Certainly, in the exercise of its discretion in a declaratory judgment action, the trial court may award attorney's fees to the prevailing party, may decline to award attorney's fees to either party, or may award attorney's fees to the nonprevailing party, regardless of which party sought declaratory relief. *Brookshire Katy Drainage Dist. v. Lily Gardens, LLC*, 333 S.W.3d 301, 313 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, because we have found that the trial court erred by its declaratory judgment creating an easement by estoppel, we reverse the judgment regarding attorney's fees and remand this proceeding to the trial court for the trial court to reconsider in light of our decision. We sustain issue three.

After reversing the trial court and rendering judgment in favor of the Ramseys, this Court's judgment was to "remand to the trial court the issue of attorney's fees and court costs for further proceedings."

As we stated in the earlier opinion, the trial court was not required to award attorney's fees, but having reversed the declaratory judgment that the trial court had rendered, we were obligated to remand the proceeding to the trial court, so that the trial court could, in light of our decision, decide whether it would award attorney's fees under the statute.

Champion filed a motion for rehearing in the prior appeal, but did not complain about the Court's holding on the issue of attorney's fees or to the Court's judgment on this issue. Further, Champion did not raise the issue in his petition for discretionary review which was denied, thus finalizing this court's opinion and judgment.

In this current appeal, Champion does not complain regarding the amount of attorney's fees awarded. Champion's argument is limited to the propriety of the award of any attorney's fees because there is no legal basis upon which to award attorney's fees. That issue was previously decided and this Court's determination was not challenged in that appeal and we will not address it in this appeal. *See Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003) ("Application of the [law of the case] doctrine lies within the discretion of the court, depending on the particular circumstances surrounding that case."). We overrule Champion's sole issue and affirm the trial court's judgment.

## MOTION FOR SANCTIONS

In their brief, the Ramseys move for sanctions against Champion for filing a frivolous appeal. That motion remains pending. If Champion chooses to file a motion for rehearing, Champion is hereby notified that since the motion is still pending, a response to the Ramseys' motion may be filed and any response is due on or before the deadline for filing the motion for rehearing and may be incorporated into the same document.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court. The motion for sanctions remains pending.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed April 14, 2016
[CV06]

