

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00113-CR

**DAVID WAYNE KERR,**

                                                  **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                  **Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 12491-A

## MEMORANDUM OPINION

David Wayne Kerr was charged with the offense of aggravated sexual assault of a child younger than 14 years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) and (a)(2)(B) (West 2011). He was placed on deferred adjudication community supervision but later adjudicated guilty and sentenced to 40 years in prison.

In three issues, Kerr complains that the judgment adjudicating guilt, signed on March 31, 2016, contains non-substantive inconsistencies with the record of Kerr's

adjudication. The State concedes the record and judgment are not entirely consistent.[1]

Accordingly, we reform[2] the trial court's judgment as agreed by the parties to reflect:

1. The phrase on page 2, under the heading "**Furthermore, the following special findings or orders apply**:" where the judgment states, "Judge Evans found items #1, 2, 4, 11, 12, 13, 18, 19, 24, & 25 in the Motion to Adjudicate to be true" is reformed to state, "Judge Evans found items #1, 2, 4, 10, 12, 15, 16, 18, 19, 24, & 25 in the First Amended Motion to Adjudicate to be true;" and

2. The phrase on page 1, third segment below the heading, "**JUDGMENT ADJUDICATING GUILT**" where the judgment states, "Statute for Offense: 22.021(a)(2)(B) Penal Code" is reformed to state, "Statute for Offense: Penal Code Section 22.021(a)(1)(B)(iii) and (a)(2)(B)."

Kerr's issues are overruled. As reformed, the trial court's judgment is affirmed.[3]


TOM GRAY
Chief Justice

---

[1] These inconsistencies are not error. *See Tillison v. State*, No. 10-14-00403-CR, 2016 Tex. App. LEXIS 6812 (Tex. App.—Waco, July 2, 2016, pet. ref'd).

[2] When an appellate court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

[3] Rather than an appeal, we note that a more efficient manner of making this type of correction may be a motion for modification or motion for judgment nunc pro tunc, depending on the timing of the discovery of the issues, filed in the trial court.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed as reformed
Opinion delivered and filed November 9, 2016
Do not publish
[CRPM]

