

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00073-CV

**ADVANCED FOUNDATION REPAIR, L.P.** and Structural Repair, LLC,
Appellants

v.

José **MENENDEZ** and Nicole Newman-Menendez,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI02654
Honorable Norma Gonzales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

In this dispute over foundation repairs to a house, Appellants moved to compel arbitration

against the current homeowners, but the trial court denied the motion.

Because Appellants failed to meet their threshold burden to establish the existence of a

valid arbitration agreement, we affirm the trial court's order.

## BACKGROUND

In 2005, Robert and Sandra Reyna had a home built for them by S.A. Cypress Homes, Ltd. After the home was built, Advanced Foundation Repair, L.P. performed some foundation repairs on the home.

In October 2016, the Reynas sold the home to José Menendez and Nicole Newman-Menendez. In the sales negotiations, the Reynas informed the Menendezes that Advanced Foundation Repair, L.P. and Structural Repair, LLC (collectively Advanced Foundation) had performed foundation repairs to the home. In February 2017, after the home allegedly experienced more foundation issues, the Menendezes sued the homebuilder and its affiliates for damages.

In January 2019, the Menendezes filed their sixth amended original petition, their live pleading. It includes several claims against Advanced Foundation including defective design, inspection, and construction of a partial piering system.

The next day, Advanced Foundation filed a motion to compel arbitration. At the hearing on the motion to compel arbitration, Advanced Foundation argued, inter alia, that the arbitration provision in an Agreement between Advanced Foundation and Cypress Homes required the Menendezes to arbitrate their claims.

The Menendezes resisted arbitration by noting that, inter alia, Advanced Foundation had not met its burden to establish the existence of a valid arbitration agreement because the Menendezes were not parties to the Agreement, no one had signed the Agreement, and the Agreement required the contract to be "signed by all Owners" and returned to Advanced Foundation by a specific date to be binding.

The trial court denied the motion to compel arbitration and Advanced Foundation appeals. We begin by briefly reciting the applicable law and standard of review.

## APPLICABLE LAW

"Arbitration is a creature of contract between consenting parties." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 629 (Tex. 2018).

### A. Existence of Valid Arbitration Agreement

"A party seeking to compel arbitration must establish the existence of a valid arbitration agreement," *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *accord In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding), and "must show the agreement meets all requisite contract elements," *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 228 (Tex. 2003). *See Branch Law Firm, L.L.P. v. Osborn*, 447 S.W.3d 390, 394 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[B]ecause arbitration is a creature of contract, a court must first decide whether an agreement was reached, applying state-law principles of contract.").

### B. State Contract Law Applies

We determine whether a valid agreement to arbitrate exists by applying "ordinary principles of state contract law." *In re Rubiola*, 334 S.W.3d at 224; *accord J.M. Davidson*, 128 S.W.3d at 227. "Under Texas law, '[t]he elements needed to form a valid and binding contract are (1) an offer; (2) acceptance in strict compliance with the offer's terms; (3) a meeting of the minds; (4) consent by both parties; (5) execution and delivery; and (6) consideration.'" *Specialty Select Care Ctr. of San Antonio, L.L.C. v. Owen*, 499 S.W.3d 37, 43 (Tex. App.—San Antonio 2016, no pet.) (alteration in original) (quoting *Speedemissions, Inc. v. Bear Gate, L.P.*, 404 S.W.3d 34, 43 (Tex. App.—Houston [1st Dist.] 2013, no pet.)).

### C. Mutual Assent

Contract validity depends on mutual assent. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("Contracts require mutual assent to be enforceable."); *Owen*, 499 S.W.3d at 43. "Evidence of mutual assent in written contracts generally consists of signatures of the parties and

delivery with the intent to bind." *Sonnichsen*, 221 S.W.3d at 635; *Hi Tech Luxury Imports, LLC v. Morgan*, No. 03-19-00021-CV, 2019 WL 1908171, at \*1 (Tex. App.—Austin Apr. 30, 2019, no pet. h.) (mem. op.).

### D. Signature Requirements

But for valid arbitration agreements governed by the FAA, "[s]ignatures are not required '[a]s long as the parties give their consent to the terms of the contract, and there is no evidence of an intent to require both signatures as a condition precedent to it becoming effective as a contract.'" *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (second alteration in original).

Similarly, "Texas law recognizes that a contract need not be signed to be 'executed' *unless* the parties explicitly require signatures as a condition of mutual assent." *Mid-Continent Cas. Co. v. Glob. Enercom Mgmt., Inc.*, 323 S.W.3d 151, 157 (Tex. 2010) (emphasis added).

### E. Conditions Precedent

However, if the contract's language requires the parties to sign the contract to give it effect, the absence of the required signatures shows there was no mutual assent. *See Huckaba*, 892 F.3d at 690–91 (concluding there was not a valid agreement to arbitrate because one of the parties did not sign the agreement and "[t]he agreement . . . contain[ed] language that the parties needed to sign the agreement to give it effect or to modify it"); *Hi Tech Luxury Imports*, 2019 WL 1908171, at \*2; *W. Tex. Hosp., Inc. v. Enercon Int'l, Inc.*, No. 07-09-0213-CV, 2010 WL 3417845, at \*5 (Tex. App.—Amarillo Aug. 31, 2010, no pet.) (mem. op.).

### F. Written Agreement to Arbitrate Required

"Without mutual assent, there [is] no binding written contract." *Sonnichsen*, 221 S.W.3d at 635; *see In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 192 (Tex. 2007) (reiterating that "arbitration 'is a matter of consent, not coercion" (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989))).

If there is no evidence of a binding, written arbitration agreement, the movant has failed to meet its threshold burden, and our analysis of the motion to compel arbitration ends. *See Huckaba*, 892 F.3d at 690–91; *Jody James Farms*, 547 S.W.3d at 633; *J.M. Davidson*, 128 S.W.3d at 227.

## STANDARD OF REVIEW

"We review a trial court's order denying a motion to compel arbitration for an abuse of discretion, deferring to the court's factual determinations supported by the record but reviewing legal determinations de novo." *Amateur Athletic Union of the U.S., Inc. v. Bray*, 499 S.W.3d 96, 102 (Tex. App.—San Antonio 2016, no pet.) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009)). "The trial court's determination of the arbitration agreement's validity is a legal question subject to de novo review." *J.M. Davidson*, 128 S.W.3d at 227; *see In re Labatt Food Serv.*, 279 S.W.3d at 643.

## PARTIES' ARGUMENTS

### A.      Advanced Foundation

Advanced Foundation argues it established the existence of an arbitration agreement by providing a copy of the foundation repair Agreement between it and Cypress Homes, and the Menendezes' claims are within the scope of the arbitration provision. Advanced Foundation acknowledges that the Agreement was not signed by anyone, but it insists no signatures were required because Advanced Foundation was engaged in interstate commerce, the Federal Arbitration Act (FAA) controls, *see* 9 U.S.C. § 2 (2012), and the FAA requires only a written agreement, not a signed writing. Advanced Foundation contends the arbitration provision (paragraph 8) in the Agreement is binding on the Menendezes under the theory of direct-benefits estoppel because the Menendezes sought benefits under the Agreement in their third, fourth, and fifth amended original petitions.

**B.       Menendezes**

The Menendezes argue that they are not bound by any arbitration agreement for several reasons.  First, they contend Advanced Foundation failed to prove the existence of a valid arbitration agreement because their live pleading does not depend or rely on the Agreement; neither the homebuilder nor the homeowners signed the Agreement; and by the Agreement's plain language, the owners' signatures and the return of the signed Agreement to Advanced Foundation were conditions precedent to the Agreement's enforceability.  Second, they contend the Texas Arbitration Act controls, it requires signatures of the parties and their attorneys, and without the required signatures, the Agreement is ineffective.  Third, they assert other defenses including a rebuttal of Advanced Foundation's direct-benefits estoppel theory.

DISCUSSION

We begin with the threshold question.

**A.       No Evidence of a Valid Arbitration Agreement**

Advanced Foundation's initial burden was to establish the existence of a valid arbitration agreement.  *See Henry*, 551 S.W.3d at 115; *In re Rubiola*, 334 S.W.3d at 223.  It produced a copy of the (foundation repair) Agreement which proscribes any oral modifications to the Agreement (paragraph 7), requires arbitration of disputes related to the Agreement (paragraph 8), and imposes execution requirements (paragraph 9).  Paragraph 9 reads as follows: "In order to be binding on [Advanced Foundation], this contract must be signed by all Owners, in the spaces shown below, and returned to [Advanced Foundation] within 90 days of 8-15-2013."  At the bottom of the Agreement is a signature block for "Owner 1."

Considering the express language of the Agreement, with its prohibition against oral modifications, its requirement that "all Owners" sign the contract for it to be binding on Advanced Foundation, and its signature block for Owner 1, we conclude that Advanced Foundation did not

intend to be bound by the Agreement unless all the Owners signed the Agreement and returned it to Advanced Foundation by the written deadline. *Cf. Hukaba*, 892 F.3d at 690–91; *Hi Tech Luxury Imports*, 2019 WL 1908171, at \*2; *W. Tex. Hosp.*, 2010 WL 3417845, at \*5.

Thus, because no one signed as Owner and Advanced Foundation produced no evidence that a signed Agreement was returned as required, Advanced Foundation failed to meet its burden to establish the existence of a valid arbitration agreement. *See Jody James Farms*, 547 S.W.3d at 640 ("No party may be compelled to arbitrate unless they have agreed to arbitrate or are bound by principles of agency or contract law to do so.").

**B.      Valid Agreement by Reference, Reliance**

Advanced Foundation also argues a valid arbitration exists because the Menendezes expressly invoke and rely on the Agreement in their third, fourth, and fifth amended original petitions. According to Advanced Foundation, the Menendezes "are impliedly asserting that a contract exists, and that they are beneficiaries entitled to enforce it. . . . Therefore, there can be no doubt that an agreement exists . . . ."

But the Menendezes' sixth amended original petition is their live pleading, which replaces and sets aside their earlier petitions. *See FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys.*, 255 S.W.3d 619, 633 (Tex. 2008) (citing TEX. R. CIV. P. 65) ("Our rules provide that amended pleadings and their contents take the place of prior pleadings."). The Menendezes' sixth amended original petition does not expressly invoke the Agreement or assert that it is valid and exists. Further, even if the Menendezes made such an assertion, Advanced Foundation cites no authorities to show how the Menendezes' alleged reliance on such a contract could bind Cypress Homes—a separate party the Menendezes do not control—to a contract Cypress Homes never signed and for which there is no evidence of its signature and return delivery conditions precedent being satisfied.

## C.      No Valid Agreement Exists

Because Advanced Foundation did not establish the existence of a valid arbitration agreement, the Menendezes cannot be compelled to arbitrate their claims. *See Henry*, 551 S.W.3d at 115 ("A party seeking to compel arbitration must establish the existence of a valid arbitration agreement . . . ."). We overrule Advanced Foundation's sole issue.

### CONCLUSION

Advanced Foundation produced the Agreement which contains a pre-printed arbitration provision, but the Agreement was not signed by any owners, and the Agreement's plain language makes the owners' signatures and the Agreement's delivery to Advanced Foundation by a date certain conditions precedent to the Agreement's enforceability. Thus, because Advanced Foundation failed to establish the existence of a valid arbitration agreement, the trial court could not compel the Menendezes to arbitrate their claims.

Accordingly, we affirm the trial court's order denying Advanced Foundation's motion to compel arbitration.

Patricia O. Alvarez, Justice