# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00102-CV

### Lennar Homes of Texas Inc., Appellant

### v.

### Raul Alquicira and Adriana Alquicira, Appellees

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-008619, THEHONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Lennar Homes of Texas, Inc. brings this interlocutory appeal of the district court's order denying its plea in abatement and motion to compel arbitration in the underlying suit filed by Raul Alquicira and Adriana Alquicira, alleging defects in the house that they purchased. *See* Tex. R. App. P. 28.1(a); Tex. Civ. Prac. & Rem. Code § 51.016. We will reverse the order and remand this cause to the district court for further proceedings consistent with this opinion.

### BACKGROUND

The Alquiciras sued Lennar for breach of contract, breach of express and implied warranties, negligence, and misrepresentation under the Deceptive Trade Practices-Consumer Protection Act concerning the alleged defective construction of their house. The Alquiciras initially pleaded that their resulting damages were more than $200,000 but less than $1 million. Lennar answered the lawsuit and filed a plea in abatement and motion to compel arbitration contending that the Alquiciras' claims were subject to a mandatory "mediation/arbitration

provision" in their purchase agreement. Lennar attached as an exhibit to its filing the Alquiciras'

purchase agreement and a business records affidavit from Lennar's custodian of records. Section

16.1 of the purchase agreement, in relevant part, states:

> The parties to this Agreement specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§1 et seq.) and not by or in a court of law or equity. "Disputes" (whether contract, warranty, tort, statutory or otherwise), shall include, but are not limited to, **any and all controversies, disputes or claims (l) arising under, or related to, this Agreement, the Property, the Community or any dealings between Buyer and Seller; (2) arising by virtue of any representations, promises or warranties alleged to have been made by Seller or Seller's representative; and (3) relating to personal injury or property damage alleged to have been sustained by Buyer, Buyer's children or other occupants of the Property, or in the Community**. Buyer has executed this Agreement on behalf of his or her children and other occupants of the Property with the intent that all such parties be bound hereby. Any Dispute shall be submitted for binding arbitration within a reasonable time after such Dispute has arisen.

Section 16.2 of the purchase agreement addresses mediation, and section 16.3, in relevant part,

provides that if mediation is unsuccessful, the dispute proceeds to arbitration:

> If the Dispute is not fully resolved by mediation, the Dispute shall be submitted to binding arbitration and administered by the AAA in accordance with the AAA's Home Construction Arbitration Rules in effect on the date of the request. If there are no Home Construction Arbitration Rules currently in effect, then the AAA's Construction Industry Arbitration Rules in effect on the date of such request shall be utilized. . . . If the claimed amount exceeds $250,000.00 or includes a demand for punitive damages, the Dispute shall be heard and determined by three arbitrators; however, if mutually agreed to by the parties, then the Dispute shall be heard and determined by one arbitrator. Arbitrators shall have expertise in the area(s) of Dispute, which may include legal expertise if legal issues are involved. All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s).

2

Lennar contended that because the Alquiciras' pleading alleged "breached express and implied warranties," including a breach-of-contract allegation relating to the purchase agreement, and sought damages relating to their property-damage allegations, such "claims and allegations fit squarely within the agreed terms under Section 16 of the [purchase] Agreement." The district court set Lennar's plea in abatement and motion to compel for a November 5, 2020 hearing.

The afternoon before the scheduled hearing, the Alquiciras filed an objection to the motion to compel arbitration alleging that the arbitration clause was: (1) procedurally and substantively unconscionable and "unenforceable and void" because of their "inability to pay"; and (2) voided by "Lennar[']s prior breach of warranty, contract, and fraud."[1] They also alleged for the first time—contrary to their live pleading—that their damages exceeded $1 million and, consequently, that the "arbitration in this case would be handled under the AAA Construction Industry Arbitration Rules, as the AAA Home Construction Rules do not apply to claims over one million dollars." In support of their objection to arbitration, the Alquiciras attached the purchase agreement for the house; a six-page report from a professional engineer dated July 6, 2020, addressing the condition of the house's foundation;[2] a copy of the American Arbitration Association (AAA) administrative fee schedules under the Construction Industry Arbitration Rules; some printouts from the web sites of three Austin arbitrators as "sample" costs; and Raul Alquicira's declaration of his inability to pay for arbitration based on his $7,000-$9,000 of monthly income, $8,000 in monthly expenses, $5,000 in the bank, and $164,000 of debt.

---

[1] The Alquiciras objected only to arbitration, not to mediation.

[2] The header on the second page of the report says "Page 2 of 6" but none of the other pages are numbered with that header.

The Alquiciras' objection alleged that a $7,000 filing fee is applicable to claims over $1 million and that there is a final fee of $7,700 under the AAA Construction Industry Arbitration Rules. They also alleged that the "arbitration agreement found in the purchase contract" required the use of three arbiters for claims over $250,000. The Alquiciras acknowledged that "there is no set fee for arbiters" and that the AAA fee schedule applicable to this case is unknown because arbitration has not been filed, but they estimated that the cost of arbitration "would likely be" from $3,000 to $4,000 a day per arbiter, meaning $9,000 or $12,000 per day. Further, the Alquiciras' objection states that Lennar has "signaled" intent "to bring in a multitude of contractors," and that arbitration would take a minimum of three days at a cost of over $35,000. Finally, they state that their counsel is working on a contingency basis without a retainer and is responsible for all fees and court costs.

At the start of the November 5 hearing to abate the case and compel arbitration, Lennar pointed to the sections of the purchase agreement providing for mediation of the parties' disputes and binding arbitration if the disputes remained unresolved after mediation. Lennar also noted that "disputes" is "very broadly defined." There was no argument presented to the district court indicating that the arbitration agreement was not made or that it did not cover the Alquiciras' claims. There was no evidence about what events occurred when the agreement was made. No witness testimony was presented at the hearing.

Addressing the Alquiciras' objection, Lennar contended that the Alquiciras had not met their burden of showing that the agreement to arbitrate is unconscionable based on the cost of arbitration. Lennar noted that there was no comparison made between the costs of arbitration versus litigation, as required by law. Additionally, Lennar noted that the Alquiciras had not sought to reduce costs by invoking the financial-hardship rule in the Home Construction

4

Arbitration Rules—allowing for deferral or reduction of administrative fees—or by requesting a one-arbitrator panel.

In response, the Alquiciras' counsel stated that "immediately after this hearing" he would be amending the live petition that "does not reflect what we will be seeking in arbitration." He stated, "We are going to be asking for damages over a million dollars, so it is a fact that it's going to be the [$]7,000 and $7,700 filing fee [under the Construction Industry Arbitration Rules] with three arbitrators." Before presenting any argument against enforcement of the arbitration agreement due to unconscionability based on costs, the Alquiciras' counsel acknowledged that as to the fraud argument, "my evidence of prior fraud is not strong." He suggested that the engineer's report was "some evidence of [Lennar's] desire to mask defects in their property," but because the engineer's July 6 report was filed the day before the hearing, he was "not going to press on that because [Lennar] hasn't had the opportunity to provide [its] expert." He emphasized that "the main point here" was that "the arbitration will completely defeat my client's claims." He argued that the cost of three arbiters for three days would be close to half of the Alquiciras' gross income, that they would have to drop their claims if forced to arbitration, and that he has a "pure contingency contract with [his] client"[3] and is unable "to take that financial burden of paying for arbitration here on top of the litigation expenses, which are going to be vastly similar as far as expert witnesses and other testimony that's going to be required at arbitration or trial." He also argued that Lennar "has named five to maybe even eight

---

[3] The Alquiciras' contingency contract with counsel was not entered into evidence and Raul Alquicira does not reference it in his declaration.

5

or more potential defendants that they want to add to this claim" and that "for every party that [is] added there's an additional 10 percent fee."[4]

After the hearing, the district court signed its "Order Denying Defendant's Plea In Abatement and Motion To Compel Arbitration." This appeal followed.

## DISCUSSION

In its only appellate issue, Lennar contends that the district court's order denying the plea in abatement and motion to compel arbitration should be reversed because the Alquiciras failed to establish a defense to arbitration. A party seeking to compel arbitration under the FAA must establish that the dispute falls within the scope of an existing agreement to arbitrate. *Venture Cotton Coop. v. Freeman*, 435 S.W.3d 222, 227 (Tex. 2014); *see Belmont Constructors, Inc. v. Lyondell Petrochemical Co.*, 896 S.W.2d 352, 357 (Tex. App.—Houston [1st Dist.] 1995, no writ) (noting that party seeking to compel arbitration must establish its "right to that remedy under the contract" and stating that "[t]he language of a contract will be enforced according to its plain meaning, unless such a reading would defeat the intention of the parties"). Upon such proof, the burden shifts to the party opposing arbitration to raise an affirmative defense to the agreement's enforcement. *Id.*

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion, deferring to the trial court's factual determinations if they are supported by evidence but reviewing its legal determinations de novo. *Henry v. Cash Biz, L.P.*, 551 S.W.3d

---

[4] This appears to be a misstatement, as the AAA administrative fee schedules under the Construction Industry Arbitration Rules specify that "Additional Party Fees are payable by the party, whether a claimant or respondent, *that names the additional parties* to the arbitration." Further, there was no discussion about whether an arbitrator's fees would be split among the parties if any such additional defendants were added.

6

111, 115 (Tex. 2018).  The ultimate issue of whether an arbitration agreement is against policy or unconscionable is a question of law.  *Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015).  A complaint about the prohibitive cost of arbitration, as here, is one grounded in substantive unconscionability.  *See In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 893 (Tex. 2010).

Lennar presented the district court with evidence of the parties' signed arbitration agreement specifying that any dispute between them would be submitted to mediation and, if not settled during mediation, to binding arbitration.  *See Venture Cotton*, 435 S.W.3d at 227; *Belmont Constructors*, 896 S.W.2d at 357.  Lennar also showed the applicability of the arbitration agreement to the facts pleaded by the Alquiciras, noting that the term "disputes" is "very broadly defined"—including all controversies or claims, "whether contract, warranty, tort, statutory or otherwise," "(1) arising under, or related to, th[e] Agreement, the Property, the Community or any dealings between" the parties; "(2) arising by virtue of any representations, promises or warranties alleged to have been made by Seller or Seller's representative"; and "(3) relating to personal injury or property damage alleged to have been sustained by Buyer, Buyer's children or other occupants of the Property, or in the Community."  *See Venture Cotton*, 435 S.W.3d at 227; *Belmont Constructors*, 896 S.W.2d at 357; *see also Specialty Select Care Ctr. of San Antonio, L.L.C. v. Owen*, 499 S.W.3d 37, 44 (Tex. App.—San Antonio 2016, no pet.) (concluding that party seeking to compel arbitration met its burden of establishing valid arbitration agreement by producing signed, written contracts, each including arbitration agreement that was applicable to "any legal dispute, controversy, demand or claim" arising from or relating to parties' "Agreement" or any service provided).  In response to Lennar's proof, there was no argument to the district court indicating that the arbitration agreement was not made

7

or that any contractual element was lacking. There was no evidence about what events occurred when the agreement was made. Further, the Alquiciras presented no argument to the district court challenging the scope of the arbitration agreement.[5]

Lennar contends that the Alquiciras failed to meet their burden of showing that they would incur excessive arbitration costs and that such costs would deter them from pursuing their claims against Lennar. On this record, we agree. The Texas Supreme Court has stated that "excessive costs imposed by an arbitration agreement render a contract unconscionable if the costs prevent a litigant from effectively vindicating his or her rights in the arbitral forum." *Olshan*, 328 S.W.3d at 893 (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000)).

Whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation requires: (1) a comparison of the total costs of the two forums; (2) consideration of the actual cost of arbitration compared to the total amount of damages the claimant is seeking; and (3) consideration of the claimant's overall ability to pay the arbitration fees and costs. *Id.* at 894-95. Of these factors, "comparison of the total costs of the two forums

---

[5] The Alquiciras mistakenly contend that the order denying arbitration must be upheld because on appeal Lennar "failed to contest all grounds supporting denial of arbitration." *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 624 (Tex. 1996) (concluding that court of appeals may consider grounds that were presented to trial court but not ruled on that could support its order). Specifically, the Alquiciras submit that Lennar: (1) did not show that a valid, enforceable arbitration agreement existed; (2) did not show that the Alquiciras' claims were within the scope of that agreement; and (3) did not contest the Alquiciras' asserted inability to afford arbitration. But the record reflects that Lennar did present evidence of the signed arbitration agreement and its applicability to the facts pleaded and that the Alquiciras never presented any argument to the district court challenging the scope of the arbitration agreement. Moreover, the burden did not shift to Lennar to rebut an excessive-costs defense until the Alquiciras established it, which on appeal, Lennar contends they did not do. *See In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 895 (Tex. 2010) (noting that after party seeking to invalidate arbitration agreement for excessive costs meets its burden of showing likelihood of incurring such costs, burden then shifts to party seeking arbitration to come forward with contrary evidence). Thus, we are unpersuaded that Lennar failed to contest all grounds that the Alquiciras *presented to the district court* as grounds for their opposition to arbitration. *See id.*

8

is the most important factor in determining whether the arbitral forum is an adequate and accessible substitute to litigation." *Id.* "If the total cost of arbitration is comparable to the total cost of litigation, the arbitral forum is equally accessible." *Id.* at 894 & n.5 (noting that "'[t]otal cost' refers to the total cost of pursuing a claim in either forum, notwithstanding who will be financing the claim" and that some commentators assert that "there is no reason why plaintiffs cannot secure the same financing when arbitration is mandated if both the value of their claim and the cost to pursue it remain constant").

The party opposing arbitration must present "specific evidence" that it "will actually be charged excessive arbitration fees." *Id.* at 895. Evidence showing a "'risk' of possible costs of arbitration is insufficient evidence of the prohibitive cost of the arbitration forum." *Id.* (citing *Green Tree*, 531 U.S. at 91); *see Venture Cotton Co-op.*, 435 S.W.3d at 231-32 (noting that speculation about possible harm is insufficient to establish unconscionability). Thus, parties opposing arbitration "must at least provide evidence of the likely cost of their particular arbitration, through invoices, expert testimony, reliable cost estimates, or other comparable evidence." *Olshan*, 328 S.W.3d at 895.

The Alquiciras failed to carry that burden. They provided no evidence allowing a court to compare the "total costs" of litigation and arbitration—"the most important factor in determining whether the arbitral forum is an adequate and accessible substitute to litigation." *See id.* at 894-95; *see also Darling Homes of Tex., LLC v. Khoury*, No. 01-20-00395-CV, 2021 Tex. App. LEXIS 3756, at *26 (Tex. App.—Houston [1st Dist.] May 13, 2021, no pet. h.) (mem. op.) (noting similar deficiency in that record). Their presentation at the hearing consisted primarily of argument from their counsel. Significantly, there is no evidence in this record about the actual cost of this particular arbitration based on invoices, expert testimony, affidavits, or

9

reliable cost estimates. *See Olshan*, 328 S.W.3d at 895. Absent such evidence, their contentions only speculate about possible harm, and such speculation is insufficient to establish unconscionability. *See Green Tree*, 531 U.S. at 91; *Venture Cotton Co-op.*, 435 S.W.3d at 23132; *see also Khoury*, 2021 Tex. App. LEXIS 3756, at *26-27. Based on the Alquiciras' arbitration agreement with Lennar and the rest of the evidence in this record, we conclude that the Alquiciras failed to present sufficient evidence showing that arbitration of their claims would be unconscionable on the ground that the arbitral forum was cost prohibitive. *See Olshan*, 328 S.W.3d at 897, 899; *Venture Cotton Coop. v. Freeman*, 494 S.W.3d 186, 192-95 (Tex. App.—Eastland 2015, no pet.). We sustain Lennar's appellate issue.

## CONCLUSION

We reverse the district court's February 10, 2021 "Order Denying Defendant's Plea In Abatement and Motion To Compel Arbitration" and remand this cause to the district court for further proceedings consistent with this opinion.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Reversed and Remanded

Filed: June 30, 2021

10